IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOHAMMAD ALHOURANI, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| FOREMOST INSURANCE GROUP D/B/A FOREMOST INSURANCE COMPANY, *Defendant* | : : : : | No. 23-3739 |

## MEMORANDUM

PRATTER, J.                                                                                                           FEBRUARY 13, 2024

      Mohammad Alhourani is suing Foremost Insurance for failure to pay for damages that Mr. Alhourani allegedly suffered when a holdover tenant vandalized Mr. Alhourani's rental property. Mr. Alhourani's complaint includes a breach of contract claim and a claim that Foremost Insurance acted in bad faith. The bad faith claim, however, includes only a threadbare recital of the elements of the claim without any alleged factual support. Thus, the Court grants Foremost Insurance's motion to dismiss the bad faith claim.

### BACKGROUND

      Mohammad Alhourani became the deed owner of a property located on Thelma Street in Philadelphia, Pennsylvania at the end of July 2022. Mr. Alhourani obtained a homeowners insurance policy for the property from Foremost Insurance Group d/b/a Foremost Insurance Company for a period lasting from August 15, 2022 to August 15, 2023.

      Shortly after acquiring title, Mr. Alhourani filed a lawsuit to evict Keyla Marie Colon-Rivera, a holdover tenant that was occupying Mr. Alhourani's property at the time that he purchased it. In April 2023, the Sheriff of Philadelphia evicted Ms. Colon-Rivera from Mr.

1

Alhourani's property. When Mr. Alhourani entered the property that day, he discovered damage from Ms. Colon-Rivera that Mr. Alhourani alleges was intentional and caused by vandalism.

Mr. Alhourani alleges that his homeowners insurance policy with Foremost included coverage for vandalism for which Mr. Alhourani paid an additional premium. Foremost has allegedly refused to pay the proper amount in damages suffered, thus breaching the insurance policy. Mr. Alhourani also alleges that Foremost Insurance has acted in bad faith for, among other things, failing to pay his claim, failing to properly investigate his claim, and failing to communicate about the status of Mr. Alhourani's claim.

Foremost Insurance filed a motion to dismiss the bad faith claim, arguing that Mr. Alhourani has not met the threshold requirements necessary for pleading a bad faith claim. Mr. Alhourani has not contested the motion to dismiss.

## LEGAL STANDARD

The Court grants a motion to dismiss if the moving party can demonstrate that the complaint, in whole or in part, fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from [the allegations] after construing them in the light most favorable to the non-movant." *Conrad v. Pa. State Police*, 902 F.3d 178, 182 (3d Cir. 2018) (quoting *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994)).

"However, 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Doe v. McDonald's USA, LLC*, 504 F. Supp. 3d 360, 364 (E.D. Pa. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Under Pennsylvania law, a bad faith claim is

> any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

*Kosierowski v. Allstate Ins. Co.*, 51 F. Supp. 2d 583, 588 (E.D. Pa. 1999) (quoting *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). "The plaintiff must demonstrate '(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis.'" *Id.* (quoting *Klinger v. State Farm Mut. Auto Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997)).

Here, Mr. Alhourani alleges that Foremost acted in bad faith by "a. [f]ailing to pay [his] claim[,] b. [f]ailing to pay [his] claim in a timely manner[,] c. [f]ailing to reasonably and properly investigate [his] claim[,] d. [f]ailing to reasonably and properly investigate [his] claim in a timely manner[,] e. [f]ailing to communicate . . . the status of the claim [and] the reasons for the denial of the claim." Mr. Alhourani also alleges that "[t]here is no reason . . . for the defendant to fail to investigate the plaintiff's claim, to deny the plaintiff's claim, nor to pay the claim in a timely manner" and that Foremost "is aware that [Mr. Alhourani] continues to suffer damages every day" that are "directly attributable to the bad faith of [Foremost]." Finally, he avers that "[Foremost]'s actions . . . are willful, intentional and without merit."

The above allegations, however, do not make it plausible that Foremost acted in bad faith. *See Iqbal*, 556 U.S. at 678. That is because Mr. Alhourani's complaint "contains a litany of the

kind of conclusory allegations and threadbare recitals of a cause of action that are plainly insufficient to survive a motion to dismiss." *Carr v. Travelers Home & Marine Ins. Co.*, No. 23-1993, 2023 WL 7167570, at *5 (E.D. Pa. Oct. 31, 2023) (citing *Iqbal*, 556 U.S. at 678). In none of Mr. Alhourani's allegations does he allege a single fact unique to the circumstances of his complaint; instead, Mr. Alhourani alleges only that Foremost did not pay his claim, did not investigate his claim, did not communicate about his claim, and took too long at every juncture.

There is no bad faith "merely because an insurer makes a low but reasonable estimate of an insured's damages." *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012) (quoting *Johnson v. Progressive Ins. Co.*, 987 A.2d 781, 784 (Pa. Super. Ct. 2009)). Mr. Alhourani filed his claim on April 19, 2023 and then filed his initial complaint in state court on September 12, 2023. It does not appear that Foremost has yet made a payment estimate over that period of roughly five months, but "the failure to immediately accede to a demand for the policy limit" does not amount to bad faith absent any other factual support. *Id.* at 137. Because Mr. Alhourani includes no facts or other context, his bad faith claim does not survive here.

Furthermore, "a long period of time between demand and settlement does not, on its own, necessarily constitute bad faith. Rather, courts have looked to the degree to which a defendant insurer knew that it had no basis to deny the claimant[.]" *Kosierowski*, 51 F. Supp. 2d at 589. "Whether something is untimely . . . may be an element of a bad faith claim only to the extent that it itself has sufficient support; otherwise, an allegation that a claim was not timely paid and investigated is a legal conclusion which a court must disregard at a motion to dismiss stage." *Carr*, 2023 WL 7167570, at *6 (quoting *Meyers v. Protective Ins. Co.*, No. 3:16-CV-1821, 2017 WL 386644, at *9 (M.D. Pa. Jan. 27, 2017)).

4

Here, Mr. Alhourani's bad faith claim does not include any allegation regarding the degree to which Foremost knew it had no basis to deny Mr. Alhourani's insurance claim. The only indication comes from an appended letter that Mr. Alhourani's attorney sent to Foremost on August 29, 2023, in which Mr. Alhourani's attorney claimed that the only communication received from Foremost was a letter indicating that the claim was still under investigation. In that same letter, Mr. Alhourani's attorney gave Foremost seven days to reply. Simply because Mr. Alhourani's counsel imposed a seven-day deadline to respond to the letter does not mean that Foremost Insurance was compelled to respond in that time or be found to plausibly be engaging in bad faith. This letter and the rest of the complaint include no facts supporting a plausible bad faith claim. Instead, they merely consist of legal conclusions that do not survive a motion to dismiss.

Mr. Alhourani's allegations, devoid of any factual support, "amount to another [case] in a line of bad faith claims that '[c]ourts in this Circuit have routinely dismissed[,] . . . reciting only 'bare-bones' conclusory allegations that are not accompanied by factual allegations sufficient . . . to survive a Rule 12(b)(6) motion to dismiss.'" *Carr*, 2023 WL 7167570, at *7 (quoting *Camp v. N.J. Mfrs. Ins. Co.*, No. 16-1087, 2016 WL 3181743, at *4 (E.D. Pa. June 8, 2016) (alterations in original)). Thus, Mr. Alhourani's bad faith claim is dismissed.

## CONCLUSION

For the foregoing reasons, the Court grants the motion to dismiss Mr. Alhourani's bad faith claim. An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE